# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOSEPH W.,**[1] | Case No. 6:21-cv-676-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **KILOLO KIJAKAZI,** Acting Commissioner of Social Security, | |
| Defendant. | |

Mark A. Manning, WELLS, MANNING, EITENMILLER & TAYLOR, PC, 474 Willamette Street, Eugene, OR 97401. Of Attorneys for Plaintiff.

Natalie K. Wight, United States Attorney, and Kevin C. Danielson, Civil Division Chief, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Frederick D. Fripps, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff Joseph W. brings this appeal challenging the decision of the Commissioner of

the Social Security Administration (Commissioner) denying Plaintiff's application for disability

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this Opinion and Order uses the same designation for a non-governmental party's immediate family member.

insurance benefits (DIB) under Title II of the Social Security Act (the Act), and supplemental security income (SSI) under title XVI of the Act. The Court has jurisdiction to hear this appeal pursuant to 42 U.S.C. § 1383(c)(3), which incorporates the review provisions of 42 U.S.C. § 405(g). For the reasons explained below, the Court reverses the Commissioner's decision and remands for further proceedings.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

# BACKGROUND

## A. Plaintiff's Application

Plaintiff was born April 18, 1962. AR 96. He was 52 years old as of the alleged onset date of February 1, 2015. AR 93, 13. Plaintiff alleges that he suffers from traumatic brain injury, anxiety, edema, peripheral neuropathy, and degenerative disc disease.

Plaintiff applied for DIB in October 2016 and SSI in November 2016. AR 76, 340. Disability Determination Services denied his applications initially and upon reconsideration. AR 94, 115, 137, 158. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ). Plaintiff had a hearing before ALJ Mark Triplett in November 2020. AR 34. The ALJ issued an opinion denying Plaintiff's claims on December 1, 2020. AR 25. Plaintiff appealed the decision to the Appeals Council, which denied review, making the ALJ's decision the final decision of the Commissioner. AR 1. Plaintiff now seeks judicial review.

## B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay

or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.      Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.      Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" (RFC). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.      Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.      Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also*

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The

Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the

Commissioner must show that the claimant can perform other work that exists in significant

numbers in the national economy, "taking into consideration the claimant's residual functional

capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966

(describing "work which exists in the national economy"). If the Commissioner fails to meet this

burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however,

the Commissioner proves that the claimant can perform other work existing in significant

numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54;

*Tackett*, 180 F.3d at 1099.

**C.  The ALJ's Decision**

Before beginning the sequential analysis, the ALJ determined that Plaintiff had disability

insurance coverage through March 31, 2015. AR 13-14. At step one of the sequential analysis,

the ALJ determined that Plaintiff had not engaged in substantial gainful activity after February 1,

2015, the alleged onset date. AR 15. At step two, the ALJ found that Plaintiff suffered from

various severe medically determinable impairments. He determined that Plaintiff had suffered

from traumatic brain injury, anxiety, and edema during the entire disability period, and had also

suffered from peripheral neuropathy and degenerative disc disease beginning December 2, 2016.

*Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of

impairments that meets or medically equals the severity of the listed impairments in 20 C.F.R.

Part 404, Subpart P, Appendix 1. AR 16.

The ALJ next determined that, from February 1, 2015, through December 1, 2016, Plaintiff had the RFC to perform medium work as defined in 20 C.F.R. 404.1567(c) and 416.967(c), with the following limitations:

> [Plaintiff] can frequently climb ramps and stairs, but occasionally climb ladders, ropes, and scaffolds. [Plaintiff] can tolerate no exposure to workplace hazards such as unprotected heights and exposed, moving machinery. [Plaintiff] can perform simple, routine tasks consistent with a reasoning level of 1 or 2. [Plaintiff] can tolerate occasional contact with coworkers and supervisors. [Plaintiff] can tolerate no direct, interactional contact with the general public. [Plaintiff] can tolerate occasional changes to work routines and processes.

AR 18. From December 2, 2016, through the date of his decision, the ALJ found that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b), with the same limitations. AR 20. At step four, the ALJ determined that Plaintiff was capable of performing his past relevant work as a cleaner/housekeeper. AR 24. Accordingly, the ALJ concluded that Plaintiff was not disabled from the alleged onset date through December 1, 2020, the date of the ALJ's decision, and denied Plaintiff's claims for DIB and SSI. AR 25.

## DISCUSSION

Plaintiff argues that the ALJ erred by improperly rejecting Plaintiff's subjective symptom testimony about his physical symptoms and impairments.

## A.  Standards

A claimant "may make statements about the intensity, persistence, and limiting effects of his or her symptoms." SSR 16-3p, 2017 WL 5180304, at *6 (Oct. 25 2017).[2] There is a two-step

---

[2] Effective March 28, 2016, Social Security Ruling (SSR) 96-7p was superseded by SSR 16-3p, which eliminates the term "credibility" from the agency's sub-regulatory policy. SSR 16-3p; Titles II and XVI: Evaluation of Symptoms in Disability Claims, 81 Fed. Reg. 14166 (Mar. 16, 2016). Because, however, case law references the term "credibility," it may be used in this Opinion and Order.

process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). When doing so, "the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell*, 947 F.2d at 345-46).

Consideration of subjective symptom testimony "is not an examination of an individual's character," and requires the ALJ to consider all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms. SSR 16-3p, 2017 WL 5180304, at *1-2. The Commissioner recommends that the ALJ examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and

limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4. The Commissioner further recommends assessing: (1) the claimant's statements made to the Commissioner, medical providers, and others regarding the claimant's location, frequency and duration of symptoms, the impact of the symptoms on daily living activities, factors that precipitate and aggravate symptoms, medications and treatments used, and other methods used to alleviate symptoms; (2) medical source opinions, statements, and medical reports regarding the claimant's history, treatment, responses to treatment, prior work record, efforts to work, daily activities, and other information concerning the intensity, persistence, and limiting effects of an individual's symptoms; and (3) non-medical source statements, considering how consistent those statements are with the claimant's statements about his or her symptoms and other evidence in the file. *See id.* at *6-7.

The ALJ's decision relating to a claimant's subjective testimony may be upheld overall even if not all the ALJ's reasons for discounting the claimant's testimony are upheld. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). The ALJ may not, however, discount testimony "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F.3d at 883.

## B. Analysis

The ALJ noted no evidence of malingering. The ALJ did not explicitly determine whether Plaintiff's impairments could reasonably be expected to cause the alleged symptoms under the first step of the subjective testimony analysis. The ALJ proceeded, however, to analyze whether Plaintiff's testimony was consistent with the record under step two of the subjective testimony analysis. AR 19, 21. The Court can therefore infer that the ALJ determined that Plaintiff had met the requirements of the first step. Addressing the second step, the ALJ

concluded that Plaintiff's testimony about the intensity of his symptoms was not entirely consistent with the record. *Id.* As grounds for discounting Plaintiff's physical symptom testimony, the ALJ cited Plaintiff's activities of daily living, failure to seek more aggressive treatment, and a lack of objective medical evidence supporting Plaintiff's claims. *Id.* The ALJ specifically found without support Plaintiff's testimony that he has to elevate his legs when they swell, that he has difficulty standing, and the severity of his pain and numbness. *Id.* Plaintiff argues that the evidence the ALJ cited is consistent with Plaintiff's testimony and that the ALJ failed to explain how that evidence contradicts Plaintiff's testimony.

### 1.  Activities of Daily Living

Daily living activities may provide a basis for discounting subjective symptoms if the plaintiff's activities either contradict his or her testimony or meet the threshold for transferable work skills. *See Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012); *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). "Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination." *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014). A claimant, however, need not be utterly incapacitated to receive disability benefits, and completion of certain routine activities is insufficient to discount subjective symptom testimony. *See Molina*, 674 F.3d at 1112-13 (noting that a "claimant need not vegetate in a dark room in order to be eligible for benefits" (quotation marks omitted)); *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) ("One does not need to be 'utterly incapacitated' in order to be disabled."). The Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (requiring the level of activity be

inconsistent with the plaintiff's claimed limitations to be relevant to his or her credibility and noting that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations"). Moreover, particularly with certain conditions, cycles of improvement may be a common occurrence, and it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding that a plaintiff is capable of working. *See Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014).

In discounting Plaintiff's physical symptom testimony related to the period before December 2, 2016, the ALJ cited Plaintiff's ability to do volunteer work, take care of and clean his friend's house, and make and sell jewelry. AR 19 (citing AR 616, 618). In discounting Plaintiff's physical symptom testimony for the period starting December 2, 2016, the ALJ cited that Plaintiff did not report difficulty climbing stairs, walking, doing errands alone, bathing, and dressing himself. AR 21 (citing AR 795). The Court addresses the activities related to each period in turn.

The ALJ noted that Plaintiff "was volunteering a lot," but did not explain what he meant by "a lot." AR 19. The record shows that Plaintiff volunteered "for a couple hours" at a time, rather than working full days. AR 564. The ALJ does not describe, and the record does not indicate, how frequently Plaintiff volunteered, what tasks Plaintiff performed while volunteering, or whether Plaintiff volunteered consistently despite his alleged edema outbreaks. The ALJ also noted that Plaintiff took care of his friend's house for a time, including cleaning. AR 19. The record does not describe the specific tasks involved, nor does it demonstrate how frequently or consistently Plaintiff cleaned his friend's house. The ALJ also cited Plaintiff's ability to make and sell jewelry. *Id.* The record shows that Plaintiff made jewelry while in his home, AR 564,

but does not indicate whether the activity required Plaintiff to be on his feet, nor does it indicate how frequently or consistently Plaintiff made and sold jewelry. To justify discounting Plaintiff's symptom testimony based on his activities, the ALJ was required to adequately develop the record and identify the conflict between the purported activities and the alleged limitations. *See Trevizo v. Berryhill*, 871 F.3d 664, 676, 682 (9th Cir. 2017) (holding that the ALJ erred by relying on the claimant's daily activities to dismiss her subjective symptom testimony without specifying the conflict between those activities and the claimant's testimony). The ALJ failed to develop the record regarding the nature, frequency, and consistency of Plaintiff's activities, and did not explain the conflict between those activities and Plaintiff's testimony. Based on the limited information about these activities in the record, Plaintiff's volunteer work, housework, and jewelry-making activities do not provide a clear and convincing reason to discount Plaintiff's testimony.

In discounting Plaintiff's symptom testimony for the period beginning in December 2016, the ALJ cited a treatment note indicating that Plaintiff did not report difficulties climbing stairs, walking, doing errands alone, dressing, and bathing himself. AR 21 (citing AR 795). This treatment note, however, does not indicate how often Plaintiff climbed stairs, walked, or performed errands alone. Further, the Ninth Circuit has held that the performance of such routine tasks does not justify discounting subjective symptom testimony. *See Vertigan*, 260 F.3d at 1050 (holding that routine activities such as walking and running errands were insufficient to discredit claimant's testimony where the "physical activities did not consume a *substantial part* of [claimant's] day" (emphasis in original)). Plaintiff testified that he has trouble staying on his feet for long periods of time, that he experiences his most severe symptoms during a three- to four-day period about once each month, and that he "spend[s] a lot of time on the couch" during those

periods. AR 57-59. Absent further evidence about the duration and frequency of these activities, such as evidence that the activities consumed a substantial part of Plaintiff's day, his ability to perform routine tasks is not a clear and convincing reason to discount his testimony.

### 2. Treatment History

Routine, conservative treatment can be sufficient to discount a claimant's subjective testimony regarding the limitations caused by an impairment. *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007). Not seeking an "aggressive treatment program" permits the inference that symptoms were not "as all-disabling" as the claimant reported. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). The amount of treatment is "an important indicator of the intensity and persistence of [a claimant's] symptoms." 20 C.F.R. §§ 404.1529(c)(3); 416.929(c)(3). If, however, the claimant has a good reason for not seeking more aggressive treatment, conservative treatment is not a proper basis for rejecting the claimant's subjective symptoms. *See* 20 C.F.R. § 416.930(c); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008). Thus, an ALJ must consider a claimant's reasons for failing to seek more aggressive treatment before making an adverse credibility finding. *See Smolen*, 80 F.3d at 1284; *see also* SSR 16-3p, *available at* 2017 WL 5180304, at *9 (Oct. 25, 2017) (explaining that an ALJ "may need to contact the individual regarding the lack of treatment or, at an administrative proceeding, ask why he or she has not complied with or sought treatment in a manner consistent with his or her complaints" and that the Commissioner "will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints").

The ALJ cited Plaintiff's failure to consult with a surgeon about his degenerative disc disease as a reason for discounting Plaintiff's subjective symptom testimony. AR 21 (citing

AR 804). At Plaintiff's hearing, however, the ALJ did not inquire into why Plaintiff declined to

consult with a surgeon. AR 34-72. Nor did the ALJ address Plaintiff's reasoning in his opinion.

AR 13-25. There are many good reasons why a patient might reject aggressive treatment options,

even when the patient's symptoms are severe. *See, e.g.*, 20 C.F.R. §§ 416.930(c); 404.1530(c)

(listing "good reasons for not following" prescribed treatment). Rejection of aggressive treatment

options, therefore, is not necessarily inconsistent with severe symptoms. The record casts doubt

on the premise that the contemplated surgery would have addressed Plaintiff's most severe

symptoms. Instead, the record suggests that the surgery was expected to help with the symptoms

in Plaintiff's neck and shoulder, but not Plaintiff's severe swelling, pain, and numbness in his

feet and legs. *See* AR 58-60, 804. The record also shows that Plaintiff pursued extensive testing

and treatment related to his alleged symptoms. *See, e.g.*, AR 497, 509-11, 804. The ALJ erred by

discounting Plaintiff's symptom testimony based on his failure to seek more extensive treatment

without considering Plaintiff's reasons for not doing so.

### 3. Objective Medical Evidence

An ALJ may consider the lack of corroborating objective medical evidence as a "relevant

factor in determining the severity of the claimant's" alleged symptoms. *Rollins v.*

*Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ may not, however, "discredit the

claimant's testimony as to subjective symptoms merely because they are unsupported by

objective evidence." *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010) (quoting *Lester v.*

*Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *see also Robbins*, 466 F.3d at 883; 20 C.F.R.

§§ 404.1529(c)(2), 416.929(c)(2), (noting that the Commissioner "will not reject your statements

about the intensity and persistence of your pain or other symptoms or about the effect your

symptoms have on your ability to work solely because the available objective medical evidence

does not substantiate your statements").

In discounting Plaintiff's physical symptom testimony, the ALJ relied most heavily on a lack of objective medical evidence supporting Plaintiff's allegations. AR 19, 21. Although noting that the medical records included references to Plaintiff's symptoms of edema, including swelling in Plaintiff's leg and decreased sensation in his feet, *id.*, the ALJ found that there was "little corroborating objective evidence," AR 19, and "relatively little" mention of edema in Plaintiff's medical records. AR 21.

The Court has rejected the ALJ's other reasons for discounting Plaintiff's testimony. Even if Plaintiff's claimed limitations are not supported by the objective medical record, that cannot, by itself, stand as the clear and convincing reason supported by substantial evidence required to discount Plaintiff's subjective symptom testimony. The ALJ therefore erred in discounting Plaintiff's physical symptom testimony.

## C.  Remedy

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan*, 246 F.3d at 1210. Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Social Security Act. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014). The court first determines whether the ALJ made a legal error and then reviews the record as a whole to determine whether the

record is fully developed, the record is free from conflicts and ambiguities, and there is any useful purpose in further proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Only if the record has been fully developed and there are no outstanding issues left to be resolved does the district court consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. *Id.* If so, the district court can exercise its discretion to remand for an award of benefits. *Id.* The district court retains flexibility, however, and is not required to credit statements as true merely because the ALJ made a legal error. *Id.* at 408.

The ALJ committed harmful error by failing to provide specific, clear, and convincing reasons to reject Plaintiff's subjective symptom testimony. After reviewing the record, however, conflicts and ambiguities remain between Plaintiff's testimony and the agency medical opinions regarding the severity and limiting effects of Plaintiff's physical impairments. The Court therefore remands for further proceedings.

## CONCLUSION

The Court REVERSES the Commissioner's decision that Plaintiff was not disabled and REMANDS this case for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 21st day of March, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge