IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOSEPH M. WATKINS**, | Case No. 6:21-cv-676-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **KILOLO KIJAKAZI**, Actine Commissioner of Social Security, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On March 21, 2023, the Court reversed the Commissioner's determination that Plaintiff was not disabled and remanded the matter back to the agency for further proceedings. On June 13, 2023, Plaintiff filed his application for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Plaintiff indicated that he was unable to reach a settlement with Defendant on the proposed fee application. Defendant, however, never filed any brief in opposition. Thus, the Court considers Plaintiff's fee application to be unopposed.

The EAJA authorizes the payment of attorney's fees to a prevailing party in an action against the United States unless the government shows that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although the EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting

PAGE 1 – ORDER

to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The decision to deny EAJA attorney's fees is within the discretion of the court. *Id.*; *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). A social security claimant is the "prevailing party" following a sentence-four remand pursuant to 42 U.S.C. § 405(g) either for further administrative proceedings or for the payment of benefits. *Flores*, 49 F.3d at 567-68 (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993)). Fee awards under the EAJA are paid to the litigant, and not the litigant's attorney, unless the litigant has assigned his or her rights to counsel to receive the fee award. *Astrue v. Ratliff*, 560 U.S. 586, 596-98 (2010).

Plaintiff seeks an award of attorney's fees in the amount of $13,122.36. Defendant filed no challenge to the applicability of the EAJA statute nor to Plaintiff's request for attorney's fees. The Court has reviewed Plaintiff's motion and agrees that the EAJA petition is proper and the amount requested is reasonable.[1]

The Court GRANTS Plaintiff's unopposed application for attorney's fees (ECF 31). Plaintiff is awarded $13,122.36 for attorney's fees under 28 U.S.C. § 2412. EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program, as discussed in *Ratliff*, 560 U.S. at 593-94. Because Plaintiff has provided the Court an assignment of fees, ECF 32-2, if Plaintiff has no debt subject to the Treasury Offset Program, then Defendant shall cause the payment of fees and costs, after any applicable offsets, to be made payable and mailed to Plaintiff's attorney, Mark A. Manning, Wells, Manning, Eitenmiller & Taylor, P.C., 474

---

[1] Although at first glance it appears that Plaintiff's counsel improperly block-billed several entries, a close read of those entries reveals that all but one are detailed descriptions of the portions of briefs drafted during that billed time. Thus, it is a single entry, drafting a brief, for which a detailed description is provided. The one actual block-billed entry of more than three hours is on February 11, 2023, for 4.4 hours. The Court does not find this one entry warrants discounting Plaintiff's requested time.

Willamette Street, Eugene, OR 97401. If Plaintiff owes a debt subject to the Treasury Offset Program, then the check for any remaining funds after offset of the debt shall be payable to Plaintiff and mailed to Plaintiff's attorney.

**IT IS SO ORDERED.**

DATED this 5th day of July, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – ORDER